**Simon John MORGAN, Petitioner,**

v.

**Freya Ruth Cecily MORGAN, Respondent.**

**No. C 03–4082–MWB.**

United States District Court, N.D. Iowa, Western Division.

Aug. 28, 2003.

Nicholas (Tre) Critelli, III, Nicholas Critelli Assoc, Des Moines, IA, for Petitioner.

## TEMPORARY RESTRAINING ORDER AND ORDER FOR EXPEDITED HEARING

BENNETT, Chief Judge.

On August 28, 2003, the court received by e-mail a courtesy copy of a Petition for Return Of Child, Provisional Orders, Request for Ex Party [sic] Temporary Restraining Order, and Request for Expedited Hearing, a copy of which has now been filed with the Clerk of Court. The Petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction (CCAICA), done at The Hague on October 25, 1980, and ratified by both the United States and the United Kingdom on July 1, 1988, and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601 *et seq.* In essence, the Petition alleges that, on or about July 23, 2003, the respondent, Freya Ruth Cecily Morgan, removed the parties' six-year-old child, Flavia Ruth Henrietta, from the parties' home in East Sussex, England, without the consent or acquiescence of the petitioner, Simon John Morgan; that Mrs. Morgan and Flavia have since traveled to the United States; and that they are now residing in Spirit Lake, Iowa, with a person named Mark Fluharty with whom Mrs. Morgan had developed a relationship via the Internet. The Petition also alleges that Mr. Morgan believes that Mr. Fluharty and Mrs. Morgan are planning to move from their present residence in Spirit Lake, Iowa, to a location outside of the jurisdiction of this court. The Petition seeks, *inter alia,* the return of Flavia to Mr. Morgan's custody in England.

Now before the court are the portions of the Petition seeking provisional orders, an *ex parte* temporary restraining order, and

an expedited hearing. More specifically, the pertinent part of the prayer in the Petition seeks the following:

a. an immediate Temporary Restraining Order issued ex parte prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of this Petition;

b. the immediate scheduling of an evidentiary hearing on the merits of this Petition;

c. the issuance of an Order directing that the child, together with Mrs. Morgan and Mr. Fluharty be brought into this Court by any United States Marshal, federal officer or police officer in order to attend said hearing[.]

Petition, Prayer, ¶¶ a, b, c.

██ It is well-settled in this circuit that applications for preliminary injunctions and temporary restraining orders are generally measured against the standards set forth in the decision of the Eighth Circuit Court of Appeals in *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir.1981) (en banc). *See Branstad v. Glickman,* 118 F.Supp.2d 925, 937 (N.D.Iowa 2000); *Uncle B's Bakery, Inc. v. O'Rourke,* 920 F.Supp. 1405, 1411 (N.D.Iowa 1996). These factors include (1) the movant's probability of success on the merits, (2) the threat of irreparable harm to the movant absent the injunction, (3) the balance between the harm and the injury that the injunction's issuance would inflict on other interested parties, and (4) the public interest. *Dataphase,* 640 F.2d at 114; *accord Branstad,* 118 F.Supp.2d at 937 (quoting similar factors from *Entergy, Ark., Inc. v. Nebraska,* 210 F.3d 887, 889 (8th Cir.2000)); FED. R. CIV. P. 65(b)(1).

██ The court finds that the requirements established by Eighth Circuit precedent and Rule 65(b) have been met in this case. In his Petition, Mr. Morgan has made an adequate showing on the first factor, likelihood of success on the merits. *See Dataphase,* 640 F.2d at 114 (first factor); *Branstad,* 118 F.Supp.2d at 937 (same). Specifically, he has demonstrated that he has rights of custody under English law pursuant to Section 2(1) of the Children Act 1989; that Section 2(7) of the Children Act 1989 preserves the operation of other statutory provisions, including Section 1 of the Child Abduction Act 1984; and that Section 1 of the Child Abduction Act 1984, in turn, requires the consent of more than one person in matters affecting the child and prohibits parents or guardians from taking a child out of the United Kingdom without the appropriate consent. He has also demonstrated that, pursuant to provisions of ICARA, this court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604. Furthermore, he recognizes that the ICARA also provides that, in a proceeding for the return of a child, "[n]o court exercising jurisdiction ... may ... order a child removed from a person having physical control of the child unless the applicable requirements of State law"—in this case, Iowa law—"are satisfied." 42 U.S.C. § 11604. As to satisfaction of the requirements of Iowa law, he points out that the Iowa Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), IOWA CODE § 598B.101–402 *et seq.,* applies to the resolution of both domestic and international child custody disputes and that provisions of the UCCJEA provide that this court may order the appearance of the child and custodian or custodians together. IOWA CODE § 598B.210. Mr. Morgan has also demonstrated that he has pursued all appropriate channels for relief under English and international law and that, by order

dated August 28, 2003, the Eastbourne County Court of England gave temporary custody of the child to Mr. Morgan until a hearing set for October 15, 2003. Therefore, this court finds that Mr. Morgan has demonstrated an adequate showing of likelihood of success on the merits of his petition for return of his child and his request for a temporary restraining order to prevent removal or concealment of his child before disposition of his petition, as well as this court's authority to order an expedited hearing.

The court also finds that Mr. Morgan has made an adequate showing as to the second pertinent factor, irreparable harm. *See Dataphase*, 640 F.2d at 114 (second factor); *Branstad*, 118 F.Supp.2d at 937 (same). Specifically, he has presented the court with verified allegations and sufficient evidentiary support to suggest that he has been allowed only one telephone call with his child and that the child's requests for further contact with her father have been refused; that the child is being denied access to her home, school, friends, and culture, as well as her father, and is being wrongfully detained in Iowa; that it is the intention of Mrs. Morgan and Mr. Fluharty to take the child out of Iowa in the very near future; and that if a temporary restraining order is not issued *ex parte*, Mrs. Morgan and Mr. Fluharty will likely flee this jurisdiction with the child upon receiving notice of Mr. Morgan's intent to seek a temporary restraining order preventing them from doing so.

The court also finds that the balance of harms here also favors entry of a temporary restraining order, *Dataphase*, 640 F.2d at 114 (third factor); *Branstad*, 118 F.Supp.2d at 937 (same), because the brief period of delay caused by the temporary restraining order to maintain the *status quo* will not impose any significant hardship upon Mrs. Morgan, Mr. Fluharty, or the child. Finally, the court believes that

the public interest, *see Dataphase*, 640 F.2d at 114 (last factor); *Branstad*, 118 F.Supp.2d at 937 (same), as expressed in the CCAICA, the ICARA, and the UC-CJEA, will best be served by entering the temporary restraining order to maintain the *status quo* until the parties can be heard in more complete arguments.

Finally, this court has previously noted that there is some split in authority as to whether a bond is required for the issuance of a temporary restraining order pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, but this court has expressed its opinion that "requiring a bond in some amount before issuing a preliminary injunction is far the better course." *Uncle B's*, 920 F.Supp. at 1439. The court does not retreat from this opinion. However, the court is also mindful of the merits of Mr. Morgan's contention that, under the circumstances, any bond should be "nominal," given the urgency of the situation, the logistics involved, and the fact that the only purpose of the temporary restraining order is to ensure that the child is not removed from the jurisdiction of this court prior to the expedited hearing and ultimate ruling on his Petition. Therefore, the court will impose a bond in the nominal sum of $1,000. However, the Temporary Restraining Order shall be effective immediately and the respondent shall have until the time of the expedited hearing scheduled below to post such bond.

Therefore, Mr. Morgan's Request for Provisional Orders, Request for Ex Party [sic] Temporary Restraining Order, and Request for Expedited Hearing are **granted.**

**WHEREAS,** pursuant to FED. R. CIV. P. 65(b), the court finds that there is a threat of irreparable harm to the custody rights of petitioner Simon John Morgan and the well-being of the parties' child Flavia Ruth

Henrietta if either or both of her current custodians or any other person were to remove her from the jurisdiction of this court prior to a hearing on the merits of Mr. Morgan's Petition, and whereas, in the light of all of the circumstances known to the court and upon a balance of the equities, the court concludes that a temporary restraining order should issue, **Respondent Freya Ruth Cecily Morgan is enjoined as follows:**

1. **Neither the respondent nor any person acting in concert or participating with her,** including her attorneys and Mark Fluharty, **shall take any action** to remove the child, Flavia Ruth Henrietta, from the jurisdiction of this court pending a determination by this court on the Petition for Return Of Child.

2. **The respondent shall show cause why** the child, Flavia Ruth Henrietta, should not be returned to the custody of the petitioner, Simon John Morgan, **and why** such other relief as is requested in the Petition for Return Of Child should not be granted **at a hearing on September 5, 2003, at 1:30 p.m., at the Federal Courthouse at 320 Sixth Street in Sioux City, Iowa,** or at such other date, time, or place certain as this court may set by subsequent order.

3. **This temporary restraining order shall expire** upon conclusion of the expedited hearing on Mr. Morgan's Petition for Return of Child and Provisional Orders at the conclusion of the September 5, 2003, hearing, unless prior to that time, the order is extended, upon good cause shown, for a further ten days, the parties consent to a longer period, or the hearing is continued upon good cause shown and this order is extended until the time of such hearing.

4. **This temporary restraining order shall be binding** upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order.

5. **This temporary restraining order shall issue immediately upon the payment of the filing fee in this action.** Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, at or before the hearing on September 5, 2003, or such time as the hearing may be rescheduled, the petitioner, Simon John Morgan, shall post a bond in the amount of $1,000.

**IT IS SO ORDERED.**

### ORDER TO APPEAR AT SHOW CAUSE HEARING

A show cause hearing, at which the respondent is required to show cause why the child, Flavia Ruth Henrietta, should not be returned to the custody of the petitioner, Simon John Morgan, and why such other relief as is requested in the Petition for Return Of Child should not be granted has been scheduled on September 5, 2003, at 1:30 p.m., at the Federal Courthouse at 320 Sixth Street in Sioux City, Iowa. Pursuant to Iowa Code § 598B.210, this court may order the appearance of the child and custodian or custodians together.

THEREFORE, **the respondent, Freya Ruth Cecily Morgan, and Mr. Mark Fluharty,** who are alleged to be the custodians of the minor child, Flavia Ruth Henrietta, **shall personally appear** at the show cause hearing **and shall provide for the appearance and physical presence of the minor child, Flavia Ruth Henrietta,** at the show cause hearing scheduled on September 5, 2003, at 1:30 p.m., at the Federal Courthouse at 320 Sixth Street in Sioux City, Iowa, or at such other date, time, or place certain as this court may set by subsequent order.

**IT IS SO ORDERED.**